12-1546-cv
Williams v. Bd. of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 4th day of June, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
                 *Circuit Judges*.
            RICHARD W. GOLDBERG,[*]
                 *Judge*.

_____

NIKITA WILLIAMS,

                 *Plaintiff-Appellant*,


            -v-                                        12-1546-cv

BOARD OF EDUCATION, CITY OF BUFFALO, MICHAEL MOGAVERO, individually and in his capacity as principal of Riverside Institute of Technology,

                 *Defendants-Appellees*.

_____


Appearing for Appellant:       Lisa A. Poch, Chiacchia & Fleming, LLP, Hamburg, NY

Appearing for Appellees:       Timothy A. Ball, Corporation Counsel, City of Buffalo, Buffalo, NY *for Board of Education, City of Buffalo*

                               Robert P. Heary, Karim A. Abdulla, Hiscock & Barclay, LLP, Buffalo, NY *for Michael Mogavero*

---

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Curtin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Nikita Williams seeks review of the district court's March 19, 2012 judgment, granting summary judgment to Defendants-Appellees on her claim of retaliation in response to her exercise of rights guaranteed by the First Amendment, in violation of 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks omitted). Where the "nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In order to make out a claim based on retaliation for the exercise of First Amendment rights, a plaintiff must first demonstrate that the "speech was protected by the First Amendment." *Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009). "To determine whether or not a plaintiff's speech is protected, a court must begin by asking 'whether the employee spoke as a citizen on a matter of public concern.' If the court determines that the plaintiff either did not speak as a citizen or did not speak on a matter of public concern, 'the employee has no First Amendment cause of action based on his or her employer's reaction to the speech.'" *Id.* at 170 (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). If speech is made "pursuant to" an employee's job duties, the employee is not speaking as a citizen, and the speech is not entitled to First Amendment protection. *Garcetti*, 547 U.S. at 421. The Supreme Court has "defined speech made 'pursuant to' a public employee's job duties as 'speech that owes its existence to a public employee's professional responsibilities.'" *Weintraub v. Bd. of Educ. of City Sch. Dist.*, 593 F.3d 196, 201 (2d Cir. 2010) (quoting *Garcetti*, 547 U.S. at 421).

Viewing the facts in the light most favorable to Williams, this Court concludes that the speech for which Williams claims she was retaliated against "owe[d] its existence" to her payroll responsibilities as the school clerk. *Garcetti*, 547 U.S. at 421. Regardless of her internal motivations, Williams's speech was clearly "undertaken in the course of performing" her work completing the payroll for the school. *Weintraub*, 593 F.3d at 203 (citation omitted). No reasonable jury could conclude that Williams was speaking as a citizen and not as an employee pursuant to her job duties. Therefore, Williams "has no First Amendment cause of action based on . . . her employer's reaction to the speech." *Sousa*, 578 F.3d at 170 (internal quotation marks omitted).

2

We have considered Williams's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk